## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **ANDRES CORTEZ URBINA, JR.,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | **NO. MO:18-CV-00100-DC-RG** |
| **ODESSA CITY POLICE** § | |
| **DEPARTMENT,** § | |
| *Defendant*. | |

### REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Defendant Odessa City Police Department's (Defendant) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement. (Doc. 13). This case is before the undersigned through a standing order of referral from the U.S. District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the assignment and duties of U.S. Magistrate Judges. (*See* Text Order dated August 31, 2018). After due consideration, the Court **GRANTS** Defendant's Alternative Rule 12(e) Motion for More Definite Statement. (Doc. 13). Further, the undersigned **RECOMMENDS** Defendant's Motion to Dismiss be **DENIED WITHOUT PREJUDICE**. (Doc. 13).

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Andres Cortez Urbina, Jr. (Plaintiff) is a prisoner in the Texas Department of Criminal Justice, and he is currently confined at the John Middleton Unit in Abilene, Texas. (Doc. 15). Proceeding *pro se* and *in forma pauperis* pursuant to the Prisoner Litigation Reform Act, Plaintiff filed his Complaint on June 11, 2018. (Docs. 1, 8). Plaintiff has named the Odessa City Police Department as the Defendant in this case. (Doc. 1). In order to better assess Plaintiff's allegation, the Court ordered Plaintiff to provide a more definite statement of the facts surrounding his claims on June 14, 2018. (Doc. 3). Plaintiff filed a More Definite Statement on June 25, 2018. (Doc. 6).

In this Section 1983 action, Plaintiff alleges that on March 22, 2017, he was going through the drive-thru at Whataburger on 1900 E. 8th Street in Odessa, Texas when suddenly the "Odessa Police Department and marshals" drug him out of his car by his arms and then repeatedly assaulted him. (*See generally* Docs. 1, 6). Plaintiff states that he was slammed face first onto the ground and was "brutally beaten with multiple strikes to the head, neck[,] and back with closed fists." (Doc. 6 at 2). Plaintiff alleges that officers struck him in the lower back with their knees, causing serious injury to his left hip. *Id*. Plaintiff further asserts that due to the accident, he is now dependent on a crutch in order to walk. *Id*. at 3. Plaintiff states that he "cannot be precise on all the officers names" because there were multiple officers present. *Id*. at 1.

On July 31, 2018, Defendant filed an Answer subject to its Motion to Dismiss and Alternative 12(e) Motion for More Definite Statement. (Doc. 14). In its Answer, Defendant denies the majority of Plaintiff's allegations. *See id*. Defendant admits that Plaintiff was arrested on March 22, 2017 at 1900 E. 8th Street, Odessa, Texas for "theft of a firearm and unlawful possession of a firearm by a felon." *Id*. at 5. Also on July 31, 2018, Defendant filed the present Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement. (Doc. 13). Plaintiff did not file a response to the instant Motion.

## II.   DISCUSSION

*a. Motion to Dismiss for Failure to State a Claim*

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a court is empowered to dismiss an *in forma pauperis* case if it finds that the action is "frivolous or malicious." In this context, "[a] complaint is frivolous if it lacks an arguable basis in law or fact." *Rogers v. Boatright*, 409 F.3d 403, 407 (5th Cir. 2013) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)). "A complaint lacks an arguable basis in law if it is based in an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A complaint

lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Tracking the same language as Rule 12(b)(6) of the Federal Rules of Civil Procedure, and applying the same standards, Section 1915(e)(2)(B)(ii) provides for dismissal if, accepting plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hale v. King*, 642 F.3d 492, 497–99 (5th Cir. 2011). Although a *pro se* litigant's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to convince the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465–66 (5th Cir. 2010). Given that Defendant filed an Alternative Motion for More Definite Statement, the undersigned finds Plaintiff should be given an opportunity to answer the questions incorporated herein before it recommends a ruling on the merits of Defendant' Motion to Dismiss. (Doc. 13). Therefore, the undersigned **RECOMMENDS**, at this time, that Defendant's Motion to Dismiss be **DENIED WITHOUT PREJUDICE** to Defendant's right to refile same, if it becomes necessary, after receipt and review of Plaintiff's answers to the second request for more definite statement.

    b. *Motion for More Definite Statement*

Rule 12(e) of the Federal Rules of Civil Procedure provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Defendant seeks a more definite statement regarding the identity of the officers who allegedly assaulted Plaintiff and any "official policy" that was the "moving force" behind the alleged assault. (Doc. 13 at 6). In his

Complaint and Responses to the Court's first More Definite Statement Order, Plaintiff is unable to identify any of the officers who allegedly assaulted him. (Docs. 1, 6). Additionally, Plaintiff has not provided any information regarding Defendant's official policies. *See id.*

Further, the Court notes that further factual development is necessary regarding Plaintiff's underlying criminal case in order to determine whether Plaintiff's § 1983 action is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, for a plaintiff to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a sentence or conviction invalid," he must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." *Id.* at 487–88. Furthermore, any criminal proceeding against Plaintiff may mandate a stay of this proceeding pursuant to *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Therefore, the Court has incorporated additional questions below regarding Plaintiff's underlying criminal case.

For these reasons, the Court finds that a more definite statement is necessary regarding the officers' identities, Defendant's official policies, and the current disposition of Plaintiff's underlying criminal case in order for Defendant to be able to properly respond to Plaintiff's allegations. Accordingly, the Court **GRANTS** Defendant's Alternative Rule 12(e) Motion for More Definite Statement.

Plaintiff is now **ORDERED** to submit a second more definite statement of the **facts** involved in this action by **November 5, 2018**. Plaintiff is also ordered **not to cite any law** in his response. Plaintiff's response must be limited to the **facts only**. Plaintiff must label the response: "Plaintiff's Second More Definite Statement."

Plaintiff must answer each of the following questions:

4

1. Can you describe the appearance of any of the officers who allegedly assaulted you?

    a. What were their races?

    b. Were they females or males?

    c. What were their approximate heights?

    d. What were their approximate weights?

    e. What were their ages?

2. How many officers allegedly assaulted you?

3. What were you charged with after you were arrested at the Whataburger?

    a. Do you have an attorney in your criminal case?

    b. What is the cause number for your criminal case?

    c. Is your criminal case still ongoing (pending)?

    d. Did you enter a guilty plea?

    e. Did you go to trial? If not, is there a current trial setting?

    f. Have you been convicted?

    g. Have you been sentenced?

    h. Has your conviction been appealed?

    i. If you have been convicted, has it been overturned on appeal, expunged, or declared invalid in any way?

4. Are you aware of any official policies of the Odessa Police Department that led to your alleged assault? If so, what are the official policies?

Plaintiff must submit the responses by copying each question as posed by the Court and writing the answer under each question, in numbered paragraphs corresponding to each question. Plaintiff must answer each question based on his personal knowledge of the facts. Plaintiff's

responses must be complete and must not refer the Court to information contained in other pleadings previously submitted. Plaintiff must also include at the end of his "Second More Definite Statement" the following affirmation: "I swear under penalty of perjury that these answers are true and correct to the best of my knowledge." Plaintiff must sign the affirmation.

Plaintiff must respond no later than **November 5, 2018**. Failure to comply as directed may result in the dismissal of this lawsuit for want of prosecution.

To summarize, the undersigned **GRANTS** Defendant's Alternative Rule 12(e) Motion for More Definite Statement. (Doc. 13). Plaintiff is **ORDERED** to file his Second More Definite Statement on or before **November 5, 2018**. The undersigned further **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED WITHOUT PREJUDICE**. *Id.* Defendant may refile a motion to dismiss subsequent to Plaintiff's response to the Second Order for More Definite Statement.

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo*

determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

It is so **ORDERED**.

SIGNED this 9th day of October, 2018.

_____
RONALD GRIFFIN
UNITED STATES MAGISTRATE JUDGE