IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **ANDRES CORTEZ URBINA, JR.,** *Plaintiff*, | § § § |
| v. | § § NO. MO:18-CV-00100-DC-RCG § |
| **ODESSA CITY POLICE DEPARTMENT,** *Defendant*. | § § § § |

## REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

BEFORE THE COURT are the following motions: Defendant Odessa City Police Department's ("OPD") Second Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement ("Second Motion to Dismiss") (Doc. 47); Defendants Ector County and Abel Sanchez's Motion for Summary Judgment (Doc. 71); and OPD's Third 12(b)(6) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement ("Third Motion to Dismiss") (Doc. 72). After due consideration, the undersigned **RECOMMENDS** that OPD's Third Motion to Dismiss be **GRANTED** (Doc. 72), Ector County and Abel Sanchez's Motion for Summary Judgment be **GRANTED** (Doc. 71), and OPD's Second Motion to Dismiss be **DENIED AS MOOT**. (Doc. 47).

### I.   BACKGROUND

Andres Cortez Urbina, Jr. (Plaintiff) is currently incarcerated at the Federal Correctional Institution in Big Spring, Texas. (Doc. 76). Proceeding *pro se* and *in forma pauperis* pursuant to the Prisoner Litigation Reform Act, Plaintiff filed his Original Complaint on June 11, 2018. (Docs. 1, 8). The Court ordered Plaintiff to provide a more definite statement regarding the facts surrounding his claims on two separate occasions. (Docs. 3, 19). Plaintiff responded to both orders for a more definite statement. (Docs. 6, 28). On March 29, 2019, Plaintiff filed his Amended Complaint. (Doc. 36).

In his Amended Complaint, Plaintiff asserts civil rights claims under 42 U.S.C. § 1983 against OPD, Ector County, Abel Sanchez (Sanchez), Officer Mendoza, and at least two "John Doe" OPD officers (collectively, "Defendants"). *Id*. at 1–2. Plaintiff's claims arise out of events he alleges transpired on March 22, 2017, in the line of the Whataburger drive-thru at the corner of 8th Street and Grandview Drive in Odessa, Texas. *Id*. at 4. Plaintiff asserts that while waiting in line in his vehicle, he was suddenly surrounded by OPD officers, DEA, and U.S. Marshals. *Id*. Plaintiff alleges that he was then "yanked" out of his car, thrown face down onto the "very hot" concrete, and repeatedly hit in the head with "fists, knees[,] and feet" on his "back and hip area." *Id*. Plaintiff alleges these events caused both physical and mental injuries that still cause him suffering. *Id*.

Specifically, Plaintiff alleges that he now has "severe back pain," that he cannot maintain his balance, and that he has to walk with a cane and use special shoes due to nerve damage. (Doc. 36 at 4). Plaintiff further alleges that Defendant Sanchez watched the events at the Whataburger without intervening as the officers "excessively assaulted" him despite the fact that he "never resisted" or "attempted to evade arrest." *Id*. Defendant claims that OPD Officer Mendoza and "other unknown officers" punched, kicked, and kneed him causing "injuries during the arrest without probable cause." *Id*.

In his Amended Complaint, Plaintiff seeks a judgment against Defendants "individually and/or in their official capacities, jointly and severally." *Id*. Plaintiff also seeks $500,000 in damages for his medical bills, pain and suffering, and "lost abilities." *Id*. Finally, Plaintiff requests Defendants change their "arresting policies." *Id*.

On April 25, 2019, OPD filed its Second Motion to Dismiss. (Doc. 47). On May 3, 2019, the Court ordered that OPD's Second Motion to Dismiss would be treated as a motion for

summary judgment pursuant to Federal Rule of Civil Procedure 56 and ordered the parties to submit additional summary judgment evidence. (Doc. 50). On June 5, 2019, OPD submitted an affidavit in support of its motion. (Doc. 58). On June 24, 2019, Plaintiff filed additional summary judgment evidence. (Doc. 62). On September 30, 2019, OPD filed its Third Motion to Dismiss, which is nearly identical to its Second Motion to Dismiss. (Doc. 72).

On September 30, 2019, Ector County and Abel Sanchez filed a Motion for Summary Judgment. (Doc. 71). On October 29, 2019, Plaintiff filed a Motion for Extension of Time to respond to Ector County and Abel Sanchez's Motion for Summary Judgment and OPD's Third Motion to Dismiss. (Doc. 75). The Court granted Plaintiff's Motion for Extension of Time and gave Defendant until December 20, 2019, to file a response to both motions. (*See* Text Order dated November 25, 2019). Plaintiff has failed to file a response. These matters are now ready for disposition.

## II.   LEGAL STANDARD

Summary judgment is appropriate if, viewing facts and drawing reasonable inferences in the light most favorable to the nonmoving party, the movant shows that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in

favor of the nonmovant. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id.*

The movant bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant demonstrates an absence of evidence supporting the nonmoving party's case, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

The allegations made in a *pro se* complaint are held "to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). To hold a *pro se* plaintiff to strict compliance with standards demanded of lawyers "would be inequitable" as courts would punish a *pro se* plaintiff "for lacking the linguistic and analytical skills of a trained lawyer." *Perez v. United States*, 312 F.3d 191, 194 (5th Cir. 2002). To avoid such a result, "courts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed." *Id.* at 195. However, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison Cty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992); *see also Ogbodiegwu v. Wackenhut Corrections Corp.*, 202 F.3d 265 (5th Cir. 1999) (unpublished) ("Although the

pleadings filed by *pro se* parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' *pro se* parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." (citing *Haines*, 404 U.S. at 520; *Grant v. Cellular*, 59 F.3d 523, 524 (5th Cir. 1995)).

### III. DISCUSSION

#### A. OPD

OPD argues that it is entitled to summary judgment on Plaintiff's claims because it is not a separate legal entity that can be sued under § 1983. (Doc. 72 at 2) (citing *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1013–14 (W.D. Tex. 2000)). The '[c]apacity to sue or be sued' is governed by 'the law of the state where the court is located.'" *Lone Star Chapter Paralyzed Veterans of Am. v. City of San Antonio*, No. SA-10-CV-316-XR, 2010 WL 3155243, at *1 (W.D. Tex. Aug. 5, 2010) (quoting Fed. R. Civ. P. 17(b)(3)). To sue a county or city department in Texas, "the department 'must enjoy a separate legal existence,' meaning that it must be a 'separate and distinct corporate entity.'" *Id*. (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). "[U]nless the 'true political entity' has explicitly '[granted] the servient agency with jural authority,' it may not sue or be sued." *Id*. (quoting *Darby*, 939 F.2d at 313). The undersigned finds that OPD is a not a separate and distinct entity that has been granted jural authority to be sued. *See generally Paredes*, 128 F. Supp. 2d 1013.

Moreover, it is settled law that a governmental entity cannot be held liable under § 1983 on a *respondeat superior* theory. *Collins v. Harker Heights*, 503 U.S. 115, 122 (1992). There is no vicarious liability. *Id.* Local government entities may be held liable under § 1983 only for a deprivation of rights inflicted pursuant to official policy or custom. *Bryan Cty Comm'rs Court v. Brown*, 520 U.S. 397, 403 (1997); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 122–28 (1988);

5

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 478–84 (1986). Plaintiff fails to show an official policy or custom promulgated by OPD was the moving force behind a violation of his constitutional rights. For these reasons, summary judgment should be granted as to Plaintiff's § 1983 claims against OPD. (Doc. 72).

### B. *Ector County and Abel Sanchez*

Ector County and Abel Sanchez argue Plaintiff's § 1983 claims against them fail because they were not involved in the investigation or arrest of Plaintiff and cannot be held liable as bystanders. (Doc. 71). Additionally, Ector County and Abel Sanchez argue they are protected from Plaintiff's claims by qualified immunity. *Id*. Attached to their Motion for Summary Judgment are the affidavits of Abel Sanchez and OPD Sergeant John Charles Sikes. *Id*. at 7–10.

Plaintiff alleges that Abel Sanchez "watched without intervening as officers excessively assaulted [him]." (Doc. 36 at 4). The Fifth Circuit has found that "an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995); *see Moss v. Brown*, 409 F. App'x 732, 733 (5th Cir. 2010) (per curiam) (unpublished). A critical inquiry in determining this so-called bystander liability is "whether [a defendant] had a reasonable opportunity to realize the excessive nature of the force and to intervene to stop it." *Hale*, 45 F.3d at 919. "Bystander liability may be established where an officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.'" *Kitchen v. Dall. Cty., Tex.*, 759 F.3d 468, 480 (5th Cir. 2014) (quoting *Whitley v. Hanna*, 726 F.3d 631, 646–47 (5th Cir. 2013) *cert. denied*, ___ U.S. ___, 134 S. Ct. 1935 (2014); *Davis v. Cannon*, 91 F. App'x 327, 329 (5th Cir. 2004)

(per curiam) (unpublished). "However, liability will not attach where an officer is not present at the scene of the constitutional violation." *Whitley*, 726 F.3d at 646.

Abel Sanchez attests in his affidavit that he was not present at Plaintiff's arrest and had nothing to do with the investigation. (Doc. 71 at 7). Plaintiff does not offer any summary judgment to the contrary. Accordingly, because he was not present during Plaintiff's arrest, the undersigned **RECOMMENDS** summary judgment be **GRANTED** in Abel Sanchez's favor. (Doc. 71).

Similarly, Ector County argues that it was not involved in the arrest or investigation of Plaintiff. (Doc. 71 at 1–2). Plaintiff appears to argue that Ector County should be liable for his injuries based on a theory of vicarious liability, because he does not specifically allege what actions taken by Ector County were illegal. (*See* Doc. 36 at 4). Again, it is settled law that a governmental entity cannot be held liable under § 1983 on a *respondeat superior* theory. *Collin*, 503 U.S. at 122.

"Claims under § 1983 may be brought against persons in their individual or official capacity, or against a governmental entity." *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016). A "municipality," which in this jurisprudence includes other local governmental units such as a county, is a "person." *Hampton Co. Nat. Sur., LLC v. Tunica Cty., Miss.*, 543 F.3d 221, 224 (5th Cir. 2008). A county or its policymakers may be held liable under § 1983 "when execution of a [county]'s policy or custom . . . by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Pratt*, 822 F.3d at 180 (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). A plaintiff may not sue a county under § 1983 for an injury inflicted solely by its employees or agents under a theory of *respondeat superior* or vicarious liability, but rather the plaintiff must allege that the county's

execution or maintenance of a policy or custom caused the constitutional tort. *Monell*, 436 U.S. at 694. Therefore, the Court may not impute any of the arresting officers' alleged individual tortious acts or omissions to Ector County under this analysis.

To allege a county's liability under Section 1983, a plaintiff must assert that: (1) a policy or custom existed; (2) the policymakers actually or constructively knew of its existence; (3) a constitutional violation occurred; and (4) the custom or policy served as the moving force behind the violation. *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002); *Meadowbriar Home for Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 532–33 (5th Cir. 1996). Therefore, Plaintiff must assert in specific detail: (1) a policy or custom existed; (2) Ector County's policymakers actually or constructively knew of the policy or custom; (3) Ector County caused a violation of Plaintiff's constitutional rights; and (4) the custom or policy served as the moving force behind this violation. Plaintiff has failed to raise any argument or facts supporting each of these requirements necessary to hold Ector County liable under § 1983. For these reasons, the undersigned **RECOMMENDS** that Ector County's Motion for Summary Judgment be **GRANTED**. (Doc. 72).

### C. OPD Officers—FNU Mendoza and John Does

The only remaining claims to address are those against Officer Mendoza and the John Doe OPD officers. Plaintiff alleges there are "no less than four" OPD officers who were involved in this incident. (Doc. 62 at 9). Plaintiff seeks to sue these individuals both in their official and individual capacities. (Doc. 36 at 4). The affidavit of John Charles Sikes provided by OPD provides the names of the John Does. (Doc. 58 at 1–2). Accordingly, the Court shall replace the John Doe Defendants as Defendants OPD Sergeant John Charles Sikes, OPD Corporal Kraft,

OPD Corporal Tenyke, and OPD Corporal Cuellar. The undersigned will issue a separate order regarding service of process for these named Defendants.

### D. Recommendation

For the aforementioned reasons, it is **RECOMMENDED** that Defendant Odessa City OPD's Third Motion to Dismiss, which was converted to a motion for summary judgment, be **GRANTED**. (Doc. 72).

It is also **RECOMMENDED** that OPD's Second Motion to Dismiss be **DENIED AS MOOT**. (Doc. 47).

It is further **RECOMMENDED** that Defendants Ector County and Abel Sanchez's Motion for Summary Judgment be **GRANTED**. (Doc. 71).

It is finally **ORDERED** that the John Doe Defendants shall now be identified as Defendants OPD Sergeant John Charles Sikes, OPD Corporal Kraft, OPD Corporal Tenyke, and OPD Corporal Cuellar. A separate order regarding service of process for these Defendants will follow.

It is so **ORDERED**.

SIGNED this 7th day of February, 2020.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).