**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **ANDRES CORTEZ URBINA, JR.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **NO. MO:18-CV-00100-DC-RCG** |
| | § | |
| **ODESSA CITY POLICE** | § | |
| **DEPARTMENT, ET AL.,** | § | |
| *Defendants*. | § | |

<u>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**</u>

BEFORE THE COURT are Defendants John Sikes, Maycon Cuellar, Zach Kraft, and Brandon Tenyke's Amended Rule 12(b)(6) Motion to Dismiss ("Amended Motion to Dismiss") (Doc. 112) and Defendant FNU Mendoza's Rule 12(b)(6) Motion to Dismiss ("Motion to Dismiss"). (Doc. 119). On October 1, 2020, the Court ordered that the various Defendants' Federal Rule of Civil Procedure 12(b)(6) motions to dismiss be converted to motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 121). After due consideration, the Court **RECOMMENDS** that Defendants John Sikes, Maycon Cuellar, Zach Craft and Brandon Tenyke's Amended Motion to Dismiss be **GRANTED** (Docs. 112). The Court further **RECOMMENDS** FNU Mendoza's Motion to Dismiss be **GRANTED.** (Doc. 119).

I.    **BACKGROUND**

Andres Cortez Urbina, Jr. (Plaintiff) is currently incarcerated at the Federal Correctional Institution in Big Spring, Texas. (Doc. 76). Proceeding *pro se* and *in forma pauperis* pursuant to the Prisoner Litigation Reform Act, Plaintiff filed his Original Complaint on June 11, 2018. (Docs. 1, 8). The Court ordered Plaintiff to provide a more definite statement regarding the facts surrounding his claims on two separate occasions. (Docs. 3, 19). Plaintiff responded to both

orders for a more definite statement. (Docs. 6, 28). On March 29, 2019, Plaintiff filed his Amended Complaint. (Doc. 36).

In his Amended Complaint, Plaintiff asserts civil rights claims under 42 U.S.C. § 1983 against Odessa City Police Department ("OPD"), Ector County, Abel Sanchez, Officer Mendoza, and at least two "John Doe" OPD officers. *Id*. at 1–2. On February 7, 2020, the Court order the "John Doe" Defendants be identified as Defendants John Sikes, Maycon Cuellar, Zach Kraft, and Brandon Tenyke. (Doc. 80).

Plaintiff's claims arise out of events he alleges transpired on March 22, 2017, in the line of the Whataburger drive-thru at the corner of 8th Street and Grandview Drive in Odessa, Texas. *Id*. at 4. Plaintiff asserts that while waiting in line in his vehicle, he was suddenly surrounded by OPD officers, DEA agents, and U.S. Marshals. *Id*. Plaintiff alleges that he was then "yanked" out of his car, thrown face down onto the "very hot" concrete, and repeatedly hit in the head with "fists, knees[,] and feet" on his "back and hip area." *Id*. Plaintiff claims that OPD Officer Mendoza and "other unknown officers" punched, kicked, and kneed him causing "injuries during the arrest without probable cause." *Id.* Plaintiff alleges these events caused both physical and mental injuries that still cause him suffering. *Id*. Specifically, Plaintiff claims that he now has "severe back pain," that he cannot maintain his balance, and that he must walk with a cane and use special shoes due to nerve damage. *Id*.

On March 12, 2020, the City of Odessa filed its Motion to Dismiss and Alternative Motion for a More Definite Statement on behalf of OPD, John Sikes, Maycon Cuellar, Zach Kraft, and Brandon Tenyke (Doc. 98). The Court granted OPD's Third Motion to Dismiss on April 30, 2020. (Docs. 72, 106). On May 8, 2020, Defendants John Sikes, Maycon Cuellar, Zach

Kraft, and Brandon Tenyke filed their Amended Motion to Dismiss. (Doc. 112). On June 19, 2020, FNU Mendoza filed his Motion to Dismiss. (Doc. 119).

On October 1, 2020, the Court converted Defendants' Motions to Dismiss to Motions for Summary Judgment and gave the parties additional time to submit summary judgment evidence in support. (Doc. 121). On November 27, 2020, Plaintiff filed a Motion for Extension of time, requesting the Court grant an additional 180 days to file his response and summary judgment evidence. (Doc. 124). The Court granted in part Plaintiff's Motion for Extension of Time and ordered Plaintiff to file his response on or before December 31, 2020. (Doc. 125). Plaintiff has failed to file a response to either of the Defendants' Motions for Summary Judgment.[1] These matters are now ripe for disposition.

## II.    LEGAL STANDARD

Summary judgment is appropriate if, viewing facts and drawing reasonable inferences in the light most favorable to the nonmoving party, the movant shows that there is no genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in

---

1. The Court notes that Plaintiff has failed to file a timely response, and thus the Court may grant the Motion as unopposed. *See* Local Rule CV-7(e). Nonetheless, the Court has considered the Motions on their merits and finds the Motions should be **GRANTED**.

favor of the nonmovant. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence or evaluate the credibility of witnesses. *Id.*

The movant bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

The allegations made in a *pro se* complaint are held "to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). To hold a *pro se* plaintiff to strict compliance with standards demanded of lawyers "would be inequitable" as courts would punish a *pro se* plaintiff "for lacking the linguistic and analytical skills of a trained lawyer." *Perez v. United States*, 312 F.3d 191, 194 (5th Cir. 2002). To avoid such a result, "courts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed." *Id.* at 195. However, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison Cty. Jail*, 975 F.2d 192, 193 (5th Cir.1992); *see also Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265 (5th Cir.1999) (unpublished) ("Although the pleadings

4

filed by *pro se* parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' *pro se* parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." (citing *Haines*, 404 U.S. at 520; *Grant v. Cellular*, 59 F.3d 523, 524 (5th Cir.1995)).

### III.    DISCUSSION

The Defendants, by their respective Motions, argue Plaintiff's § 1983 claims against them must fail because they are protected by qualified immunity. (Docs. 112 at 4; 119 at 2). Attached with their Motions is an affidavit of Corporal Thor Prosise. (Doc. 122).

Plaintiff brings this action under § 1983, which "imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Romano v. Greenstein*, 721 F.3d 373, 377 (5th Cir. 2013) (citing *Blessing v. Freestone*, 520 U.S. 329, 340 (1997)). Suits seeking to impose liability upon a government officer for actions taken under color of law are recognized under § 1983. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). To succeed, plaintiff must show that that the officer caused the deprivation of a federal right. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

Officials sued in their individual capacities are protected by qualified immunity unless the official's conduct violates a constitutional right clearly established at the time he acted. *Sanchez v. Swyden*, 139 F.3d 464, 466–67 (5th Cir. 1998). "The doctrine of qualified immunity serves to shield a government official from civil liability for damages based upon the performance of discretionary functions." *Cozzo v. Tangipahoa Parish Council–President Gov't*, 279 F.3d 273, 284 (5th Cir. 2002) (quoting *Thompson v. Upshur Cty.*, 245 F.3d 447, 456 (5th Cir. 2001)). "Qualified immunity is 'an immunity from suit rather than a mere defense to

liability.'" *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "The Supreme Court has characterized the doctrine as protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

In assessing qualified immunity, courts conduct a bifurcated analysis. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004). The basic steps of the qualified-immunity inquiry are well-established: a plaintiff seeking to defeat qualified immunity must show that (1) the official violated a statutory or constitutional right, and (2) the right was clearly established at the time of the challenged conduct. *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc). A right is "clearly established" if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "The defendant's acts are held to be objectively reasonable unless *all* reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated" the plaintiff's asserted constitutional or federal statutory right. *Thompson*, 245 F.3d at 457 (internal citations omitted) (emphasis in original).

The issue of qualified immunity is typically a question of law for the court to decide. *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). "Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available." *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010). Mere speculation and conclusory allegations are insufficient to discharge the plaintiff's burden of overcoming the defense of qualified immunity. *Lockamy v. Dunbar*, 299 F. App'x 953, 956–57 (5th Cir. 2010); *Michalik v. Herman*, 422 F.3d 252, 262 (5th Cir. 2005).

Plaintiff has failed overcome the Defendants' assertions of qualified immunity. Reviewing both Plaintiff's pleadings and Defendants' Motions for Summary Judgement, the Court finds that Plaintiff has failed to raise any argument or present facts that establish a clear violation of a statutory or constitutional right. Corporal Thor Prosise attests in his affidavit that officers performing the arrest attempted to get Plaintiff to step out of the vehicle, but he refused. (Doc. 122-1). Following his refusal, officers removed Plaintiff from his vehicle and placed him on the ground and put hand restraints on him. *Id*. Corporal Prosise further attests that there was no force used other than that necessary to handcuff the Plaintiff. *Id*. Plaintiff has offered no summary judgment evidence to the contrary. The evidence before the Court demonstrates that the arresting officers used only necessary force to arrest Plaintiff. Thus, Plaintiff has failed to establish that the Defendants' actions violated any clearly established statutory or constitutional right of which a reasonable person would have known. Therefore, the Court finds that Defendants are entitled to qualified immunity.

## IV.    CONCLUSION

For these reasons the undersigned **RECOMMENDS** that Defendants John Sikes, Maycon Cuellar, Zach Craft, and Brandon Tenyke's Amended Motion to Dismiss, which was converted to a motion for summary judgment, be **GRANTED** and that a Final Judgment be entered in favor of these Defendants. (Doc. 112).

It is further **RECOMMENDED** that Defendant FNU Mendoza's Motion to Dismiss, which was converted to a motion for summary judgment, be **GRANTED** and that a Final Judgment be entered in favor of this Defendant. (Doc. 119).

SIGNED this 6th day of January, 2021.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party **has not been served** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).